**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000325
26-MAY-2020
07:49 AM**

NO. CAAP-19-0000325

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ZHI JUN LIAO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1-DCW-18-0000705)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Chan and Wadsworth, JJ.)

Defendant-Appellant Zhi Jun Liao (**Liao**) appeals from the Notices of Entry of Judgment and/or Order, filed on February 7, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Following a bench trial, Liao was convicted of two counts of Assault in the Third Degree, as a misdemeanor, in violation of Hawaii Revised Statutes (**HRS**) § 707-712(1)(a) (2014).[2] On appeal, Liao contends there was insufficient evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Michelle Comeau presided.

[2] HRS § 707-712 states:

> **Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:
>
> (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or
>
> (b) Negligently causes bodily injury to another person with a dangerous instrument.
>
> (2) Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

the arguments advanced and the issues raised by the parties, we resolve Liao's point of error as follows:

Sufficient evidence to support a conviction requires substantial evidence as to every material element of the offense charged. State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact." Id.

At trial, complaining witness Su Yeon Ahn (**Ahn**) testified that she was working at "VIP" in Honolulu on February 16, 2018, at around 10:30 p.m., when Liao and two other men came in. After one of the men was asked to smoke outside and a fourth man came in, "one skinny guy" (who was not Liao) threw a chair. Ahn was standing with her friend, Hyun Joo Baek (**Baek**), who is also a complaining witness, when the chair was thrown toward them and they "split." Ahn testified that Liao and others pushed her; she fell backwards and "felt pain." While Ahn was down, Liao and others hit and struck her, which "was painful." She did not give Liao permission to hit her. Ahn testified that some of the men also hit Baek, but Ahn "was not able to see" whether Liao hit Baek.

Baek testified that she also was working at VIP on February 16, 2019, at about 10:30 p.m. She recounted the same incident and identified Liao as one of three or four people who were hitting her while she attempted to block the blows. Baek stated that it hurt when she got hit, and her "whole body was aching" the next day. Baek did not give Liao permission to hit her.

The District Court found the testimony of Ahn and Baek to be credible. Based on that testimony, as well as Liao's conduct and the inferences drawn from all of the circumstances, the District Court ruled that the State had proved beyond a

2

reasonable doubt that Liao intended to and did cause bodily injury to Ahn and Baek.

On appeal, Liao argues that the testimonies of Ahn and Baek were riddled with inconsistences and contradictions. We decline, however, to pass upon issues regarding the credibility of witnesses and the weight of the evidence, which are within the province of the trier of fact – here, the District Court. See State v. Stocker, 90 Hawaiʻi 85, 90, 976 P.2d 399, 404 (1999) (quoting State v. Lee, 90 Hawaiʻi 130, 134, 976 P.2d 444, 448 (App. 1999)).

Upon review of the record, we conclude there was substantial evidence that Liao pushed and hit Ahn, and hit Baek, causing bodily injury to each of them.[3] We further conclude that based on Liao's acts and the inferences fairly drawn from all of the circumstances, the District Court could reasonably have inferred that Liao intended his conduct to cause bodily injury to Ahn and Baek. See Stocker, 90 Hawaiʻi at 92, 976 P.2d at 406 (quoting State v Mitsuda, 86 Hawaiʻi 37, 44, 947 P.2d 349, 356 (1997)). Accordingly, on this record, the evidence was sufficient to support Liao's conviction on both counts of Assault in the Third Degree.

Therefore, IT IS HEREBY ORDERED that the Notices of Entry of Judgment and/or Order, filed on February 7, 2019, in the District Court of the First Circuit, Honolulu Division, are affirmed.

DATED: Honolulu, Hawaiʻi, May 26, 2020.

On the briefs:

Jonathan Burge
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[3] "'Bodily injury' means physical pain, illness, or any impairment of physical condition." HRS § 707-700 (2014).